UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY LOTT, | : | Case No. 1:95-CV-2642 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN M. O'MALLEY |
| vs. | : | |
| | : | |
| MARGARET BAGLEY, Warden, | : | <u>ORDER</u> |
| | : | |
| Respondent. | : | |

Petitioner, Gregory Lott, has filed a Motion for Relief from Judgment pursuant to Rule 60(b)(6) due to the Misconduct of his First Habeas Counsel, (Doc. No. 138)(hereinafter "Rule 60(b) Motion"). He asserts that prior habeas counsel's misconduct before the Court resulted in the Court's failure to review the claims he raised in the Petition under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), on the merits. He asserts that, but for first habeas counsel's misconduct, the Court would have excused the procedural default of his <u>Brady</u> claims through the miscarriage of justice exception as found in <u>Schlup v. Delo</u>, 513 U.S. 298 (1995). Thus, Lott maintains, he would have obtained a merit review of his claims. The Respondent opposed the Motion, (Doc. No. 139).

For the reasons stated herein, the Court **denies** Lott's Rule 60(b) Motion.

Lott filed his initial petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on February 3, 1997, (Doc. No. 19). Although Lott raised two <u>Brady</u> sub-claims in his third ground for relief, the Court held that they were procedurally defaulted. Finding that Lott's counsel "could not or would not provide an answer" to the Court's inquiry as to when Lott first learned of the alleged exculpatory material, the Court held that Lott could not establish cause and prejudice to excuse the procedural default, (Doc. No. 109, at 60). Consequently, the Court denied habeas relief on Lott's <u>Brady</u> claims and the remaining claims raised in the petition.

On June 22, 2001, the Court granted the Respondent's motion to refer habeas counsel's conduct to the Court's Committee on Complaints and Policy Compliance, (Doc. No. 131). The Complaints Committee thereafter found that previous habeas counsel provided false and/or misleading information to the Court. <u>See</u> Ex. A, Attorney Discipline of Randall L. Porter, General Order No. 2002-22 (March 13, 2002), at 3-4.

The Sixth Circuit Court of Appeals affirmed this Court's decision to deny Lott habeas relief, (Doc. No. 132). On April 23, 2004, the Sixth Circuit granted Lott leave to file a second or successive petition pursuant to 28 U.S.C. § 2244(b). Lott then filed his successor petition with this Court on May 4, 2004, (Doc. No. 1).[1] In this petition, Lott asserts the identical <u>Brady</u> claims that he asserts in his Rule 60(b) Motion.

In her opposition to Lott's Rule 60(b) Motion, Respondent urges the Court to reject Petitioner's claims based on 28 U.S.C. § 2254(i). That statute states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not

---

[1] Lott's successor petition was filed under a new case number; Case Number 1:04-CV-822.

2

be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Thus, because the sole issue on which Lott predicates relief pertains to previous habeas counsel's performance or conduct, the Respondent asserts that the statute precludes any relief based on attorney misconduct as Lott asserts here. Respondent urges the Court to consider the Sixth Circuit's unreported decision in Benner v. Coyle, No. 3158, slip op. (6th Cir. June 21, 2002), which held that § 2254(i) precludes a petitioner from asserting that counsel's performance in the district court's habeas proceeding was inadequate.

Since the Respondent has filed her opposition, however, the Sixth Circuit issued its decision in Post v. Bradshaw, No. 03-4085, 2005 WL 1796223 (6th Cir. July 29, 2005). There the Court held that a purported Rule 60(b) motion alleging habeas counsel's inadequate representation for failing to conduct discovery the district court had granted was barred under § 2254(i) because it was a proceeding "arising under" § 2254. While it observed that in the United States Supreme Court's recent opinion Gonzalez v. Crosby, – U.S. –, 125 S.Ct. 2641 (2005), the Supreme Court had held Rule 60(b) motions could be brought in habeas proceedings, it further observed that the Gonzalez holding "makes it clear that when the AEDPA-amended habeas statutes conflict with Rule 60(b), AEDPA controls." Id. at *3. Finding that the petitioner's Rule 60(b) motion was invalid because of the constraints of § 2254(i), the court determined that it could not entertain the petitioner's motion. Id.

Like the Post petitioner, Lott predicates his claim for Rule 60(b) relief on the performance of previous habeas counsel. He notes that prior habeas counsel failed to reply accurately to an order issued by this Court requiring him to explain when Lott's counsel first received the police documents that were the basis for his Brady claims. Instead, prior habeas

3

counsel filed a misleading affidavit and thereafter asserted that there was no way to provide a direct answer to the Court's question. These factual inaccuracies led to the Court's disciplinary action against counsel.

Lott now asserts that, but for prior habeas counsel's misconduct, the Court would have reached the merits of Lott's Brady claim. He reasons that if counsel had conceded that Lott's counsel had been in possession of the Brady materials during his state court proceedings, then counsel would have asserted, and the Court would have found, that the procedural default of the Brady claims could be excused based on the actual innocence exception to the procedural default rule under Schlup v. Delo, 513 U.S. 298 (1995).[2] If the Court had reached the merits of his Brady claims, Lott contends, it would have granted him habeas relief both as to his conviction and death sentence. Thus, he concludes, because prior habeas counsel's misconduct affected the integrity and outcome of the prior habeas proceedings before this Court, he is entitled to relief from the Court's decision pursuant to Rule 60(b)(6).

Clearly, the Post decision forecloses any prospect of Rule 60(b) relief for Lott. Because the Post Court held that a Rule 60(b) Motion is a proceeding "arising under" § 2254, any allegations raised in such a motion pertaining to habeas counsel's inadequate performance or misconduct is barred from review under § 2254(i). Accordingly, as Lott here raises exclusively issues regarding habeas counsel's alleged misconduct, this Court is without authority to hear his Rule 60(b) Motion pursuant to the Post holding.

---

[2] In Schlup, the Supreme Court held that where a habeas petitioner seeks to utilize claims of actual innocence as a gateway to assert he was wrongly convicted of a crime, the petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 327 (*quoting* Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Moreover, as stated above, Lott's successive petition asserts the identical <u>Brady</u> allegations as are presented in his Rule 60(b) motion. Thus, the Court will hear his claims, and any procedural arguments attendant thereto, when it reviews Lott's second or successor petition.

For the foregoing reasons, the Court **denies** Lott's Motion for Relief from Judgment pursuant to Rule 60(b)(6) due to the Misconduct of his First Habeas Counsel, (Doc. No. 138).

**IT IS SO ORDERED.**

s/ Kathleen M. O'Malley
KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: September 29, 2005