**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GREGORY LOTT,** | : | Case No. 1:95-CV-2642 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN M. O'MALLEY |
| vs. | : | |
| | : | |
| **MARGARET BAGLEY, Warden,** | : | <u>ORDER</u> |
| | : | |
| Respondent. | : | |

Before the Court is Petitioner Gregory Lott's Request for a Certificate of Appealability (hereinafter "COA") or, in the Alternative, a Ruling that 28 U.S.C. § 2253 does not Apply to the Order Denying Lott's Rule 60(b) Motion for Relief, filed on October 19, 2005. (Doc. No. 141). The COA Application requests that this Court either issue a COA regarding its Order denying Lott relief pursuant to Federal Rule of Civil Procedure 60(b), or find that a COA is not necessary for purposes of appealing that Order. For the following reasons, the Court **DENIES** the Motion.

In its recent Order, this Court held that the Sixth Circuit's opinion in <u>Post v. Bradshaw</u>, 422 F.3d 419 (6th Cir. 2005), precluded Petitioner from asserting that he received inadequate representation from prior habeas counsel in a Rule 60(b) motion. In <u>Post</u>, the Sixth Circuit held that, pursuant to 28 U.S.C. § 2254(i),[1] a petitioner is barred from challenging the adequacy of habeas counsel's representation because a Rule 60(b) motion is a proceeding "arising under"

---

[1] That statute states: "The effectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

§ 2254 pursuant to the statute. Thus, this Court held that it was without authority to rule on Lott's Rule 60(b) motion.

Before it can decide whether to grant Lott a COA, the Court first must determine whether such a requirement is necessary to appeal its prior Order. Several Circuit Courts of Appeals have held that a habeas petitioner must meet the COA requirements of § 2253 prior to appealing a Rule 60(b) motion. Gonzalez v. Crosby, 366 F.3d 1253, 1266 (11th Cir. 2004); Kellog v. Strack, 269 F.3d 100, 103 (2d Cir. 2001); Rutledge v. United States, 230 F.3d 1041, 1046-47 (7th Cir. 2000); Morris v. Horn, 187 F.3d 333, 336 (3d Cir. 1999); Langford v. Day, 134 F.3d 1381, 1382 (9th Cir. 1998); Zeitvogel v. Bowersox, 103 F.3d 56, 57 (8th Cir. 1996). Those courts have reasoned that the constraints of § 2253 should apply to Rule 60(b) motions because "not applying the certificate requirement to a Rule 60(b) denial would make it easier to appeal the rejection of a collateral attack on the denial of habeas relief than it is to appeal the initial denial of habeas relief itself." Gonzalez, 366 F.3d at 1266. Only the Fifth Circuit has held that no such requirement exists, Dunn v. Cockrell, 302 F.3d 491, 492 (5th Cir. 2002), but it provided no reason for its decision. While the Sixth Circuit has yet to adjudicate this issue, one other district court in this Circuit has held that a habeas petitioner must obtain a COA prior to appealing the denial of a Rule 60(b) motion. Hudson v. Jones, No. 98-71756, 2005 WL 593471, at *1 (E.D. Mich. July 6, 2005).[2]

---

[2] The Court is also aware that another judge on this Court held that it was without authority to grant a COA on a habeas petitioner's Rule 60(b) motion. Cooey v. Coyle, No. 96-CV-797, docket no. 139 (Polster, J.)(N.D. Ohio Sept. 27, 2005). In that case, however, the Court held that the petitioner's Rule 60(b) motion was actually a successor petition and, thus, it had no jurisdiction to decide the motion without prior approval from the Sixth Circuit under 28 U.S.C. § 2244(b)(3)(A).

The Court holds that Lott must obtain a COA prior to appealing its decision to deny his Rule 60(b) motion. The Court finds persuasive the reasoning of the <u>Gonzalez</u> court, <u>i.e.</u>, that the effect of holding to the contrary would make the requirements to appeal from a post-judgment motion less demanding than appealing the actual habeas petition. Thus, the Court denies the portion of Lott's motion seeking a finding from it that a COA is not necessary.

Because it finds that a habeas petitioner must obtain a COA, the Court must now determine whether Lott is entitled to one pursuant to 28 U.S.C. § 2253.

That statute states in relevant part:

\*\*\*

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court

\*\*\*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253. This language is identical to the requirements set forth in the pre-Anti-Terrorism and effective Death Penalty Act (hereinafter "AEDPA") statutes, requiring the habeas petitioner to obtain a Certificate of Probable Cause. The sole difference between the pre- and post-AEDPA statutes is that the petitioner now must demonstrate he was denied a *constitutional* right, as distinct from a *federal* right, as was required prior to the AEDPA's enactment.

The United States Supreme Court interpreted the significance of the difference between the pre- and post-AEDPA versions of the statute in <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000). In that case, the Court held that § 2253 was a codification of the standard it set forth in <u>Barefoot v.

3

Estelle, 463 U.S. 880 (1983), but for the substitution of the word "constitutional" for "federal" in the statute. Id. at 483. Thus, the Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

Id. at 483-4 (*quoting* Barefoot, 463 U.S. at 893 n.4).

The Court went on to distinguish between the analysis a habeas court must perform where claims are defaulted and those where procedural default is not an issue. If the claim is not procedurally defaulted, a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." Id. at 484. Specifically, the petitioner must "demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). A more complicated analysis is required, however, when assessing whether to grant a COA for a claim the district court has determined is procedurally defaulted. In those instances, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis supplied).

The Court finds that jurists of reason would not debate the Court's holding that Post v. Bradshaw, 422 F.3d 419 (6th Cir. 2005), precludes Lott from raising a Rule 60(b) motion regarding prior habeas counsel's representation. As stated in its prior Order, because the Post decision held that a Rule 60(b) Motion is a proceeding "arising under" § 2254, "any allegations

4

raised in such a motion pertaining to habeas counsel's inadequate performance or misconduct is barred from review under § 2254(i)." (Doc. No. 140, at 4). No reasonable jurist would find that Lott's Rule 60(b) motion raised any other issue aside from prior habeas counsel's conduct. Because the Post decision squarely addressed that issue, the Court holds that reasonable jurists would agree that Post forecloses Lott from obtaining Rule 60(b) relief on those grounds. Accordingly, the Court **DENIES** Lott's Motion for a COA. (Doc. No. 141).

  **IT IS SO ORDERED.**

            <u>s/Kathleen M. O'Malley</u>
            **KATHLEEN McDONALD O'MALLEY**
            **UNITED STATES DISTRICT JUDGE**

**DATED:** December 12, 2005

S:\95cv2642.coa.order.wpd